

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

February 27, 1946

Honorable M. S. Munson, Jr.,
County Attorney, Wharton County,
Wharton, Texas.

Overruled by 0.7241 disopn as it conflicts

Dear Sir:

Opinion No. O-7053

Re: Are school districts con-
forming to County Unit
System of Transportation and
receiving no other type of
aid, either tuition or
salary, and comprising three
or more consolidated districts
containing 50 square miles
or more of territory, entitled
to receive transportation aid
only on a transportation bud-
get without complying with
the other provisions of the
49th Legislature's Rural Aid
Law concerning salary aid and
tuition aid?

Your recent communication addressed to the Attorney General
reads as follows:

"I have been requested to take up with you the
proper interpretation of a paragraph in Article V of
the Rural School Aid law passed by the last Legislature
reading as follows: 'Provided, however, all school
districts conforming to County Unit System of Transporta-
tion and receiving no other type of aid, either tuition
or salary, and comprising three or more consolidated
districts containing fifty (50) square miles or more
of territory, may receive transportation aid only on a
transportation budget showing need therefor on the basis
and at the rate provided in this Act.'

"The school district in question has applied for
transportation aid only under the terms of the above
quoted paragraph it complies with all of the conditions
set out in the paragraph in that it receives no other
type of aid, either tuition or salary and is made up
of more than three consolidated districts and contains
fifty square miles of territory and they believe that
their application shows a need for transportation aid.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"This character of aid is all that they want and is all that they are applying for and the question seems to be whether or not under the terms of this act they can apply for transportation aid only without complying with the other provisions concerning salary aid and tuition aid. They are now paying their teachers at a greater rate than the maximum they would pay if they complied with the terms of the salary aid provisions and they do not desire to be forced to reduce these salaries in order to get the transportation aid.

"I would appreciate it if you would advise me about this at your earliest convenience."

The quotation contained in your communication is copied from the last part of the second paragraph of Article V of S. B. No. 167, Chapter 361, Acts of the 49th Legislature, 1945.

However, Section 1 of Article I of said Chapter 361 reads in part as follows:

"No school district will be eligible for any type of aid, except tuition aid, under the provisions of this Act, which pays any salary above those specified in this Act from any state, local, or federal funds whatsoever except federal funds, used to supplement salaries of Vocational Agriculture, Home Economics and Trade and Industrial teachers, and funds from the federal Lanham Act.

"Provided that the salaries of athletic directors, band directors or lunch room supervisors may be supplemented, from funds derived from sources other than taxes, without making the school ineligible under this Section; . . ." (Emphasis added.)

The salaries specified in said Rural Aid Act are listed under Sec. 2 of Article III thereof.

You have advised that the salaries of the teachers of the district in question are above those specified in said Act. We have found no provisions in said Act whereby such a school district is excepted from the above quoted provisions of Section 1 of Article I thereof.

Therefore, it is the opinion of this department that the

school district in question is ineligible to receive transportation aid as applied for.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS


                              /s/ L. H. Flewellen
                    By
                         L. H. Flewellen
                         Assistant

LHF:vms


APPROVED MAR 4, 1946

/s/ Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL


                                        APPROVED
                                        Opinion
                                        Committee
                                        By/s/ BWB
                                          Chairman